UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN NASH,<br><br>    Plaintiff,<br><br>v.<br><br>HORIZON FREIGHT SYSTEMS, INC.,<br><br>    Defendant. | Case No. 19-cv-01883-VC<br><br>**ORDER DENYING MOTION TO REMAND AND GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 35, 41 |

    1. Nash's motion to remand is denied because this Court has diversity jurisdiction. In addition to diversity of the parties, Horizon has shown by a preponderance of the evidence that the amount in controversy on Nash's claims exceeds $75,000. Among his other claims, Nash's complaint seeks reimbursement under California Labor Code section 2802 for expenses drivers incur on the job, including "expenditures associated with driving their vehicles (e.g., gas, mileage, insurance, maintenance, and other fees and costs) . . . ." Third Cause of Action, Dkt. 1 at 12. During the 60-day period of jurisdictional discovery that this Court ordered, Nash testified to his fuel costs in a deposition. He testified that (1) he filled up his truck with gas "one and a half" times per week; (2) the price of gas "varie[d] from 3 to 4.50 [dollars per gallon], never got to $5, but 4.89 and down to like I would say 3.19"; and (3) it took 200 gallons to fill up his truck. Dkt. 54-1 at 7. In addition, Horizon's CFO testified in a declaration that Horizon made 126 weekly payments to Nash. Bosak Decl. ¶ 9, Dkt. 51-1 at 3. Based on this testimony, Horizon now calculates the amount in controversy on Nash's gas reimbursement claim as $132,300.[1] This calculation is based on real evidence and reflects reasonable assumptions, and is therefore sufficient to show that the amount-in-controversy requirement is met. *See Ibarra v. Manheim*

---

[1] ($3.50 per gallon) x (200 gallons) x (1.5 times per week) x (126 weeks) = $132,300.

*Investments, Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015); *LaCross v. Knight Transportation Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015).

Nash argues that Horizon has not offset these estimated fuel expenses by the "fuel surcharges" it regularly paid Nash. To be sure, it seems probable that taking the fuel surcharges into consideration would have given a more accurate estimate of the amount in controversy for the fuel reimbursement claim. But the preponderance of the evidence still suggests that the amount in controversy exceeds $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014). Neither party has submitted evidence as to the total amounts of the fuel surcharges during the relevant period. And even extrapolating the single month of fuel surcharge data the Court has been given to the entire 126-week period, this claim would still be almost exactly at the $75,000 threshold.[2] Considering the gas reimbursement claim along with all the other claims in the lawsuit, the amount in controversy clearly exceeds the jurisdictional threshold.[3]

Nash also objects to Horizon's new amount-in-controversy calculations, and contends that Horizon is attempting to impermissibly add a new basis for removal. But this argument is unpersuasive. Horizon alleged diversity jurisdiction in its notice of removal. Dkt. 1 at 4; *see O'Halloran v. University of Washington,* 856 F.2d 1375, 1381 (9th Cir. 1988) ("The petition cannot be amended to add a *separate basis* for removal jurisdiction after the thirty day period.") (emphasis added); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002). And Horizon properly re-calculated the amount in controversy after having the benefit of jurisdictional discovery. Indeed, it makes sense that Horizon would be able to more accurately estimate alleged reimbursement expenses after being able to ask Nash what his expenses actually were.

---

[2] 126 weeks is roughly 31.5 months. At $1,827.89 per month, the total amount of fuel surcharges would be $57,578.54. Subtracting that figure from the $132,300 fuel estimate produces an amount in controversy of $74,721.46.

[3] To pick just one example, Nash testified in his deposition that he was seeking reimbursements for truck tolls. Dkt. 51-4 at 7. Based on his deposition testimony, Horizon reasonably estimated the amount in controversy for the truck toll reimbursements to be $15,750, and Nash does not appear to dispute this calculation.

2. Horizon's motion for partial summary judgment is granted in part and denied in part.[4] It is granted with respect to Nash's penalty claims for which there is a one-year statute of limitations, which Nash concedes has expired. *See* California Code of Civil Procedure § 340. This includes his claim under the Private Attorneys General Act, as well as his claim for inaccurate wage statements to the extent that claim seeks penalties.

Summary judgment is otherwise denied. Horizon fails to show that Nash was operating in interstate commerce, and therefore Horizon's arguments regarding federal preemption fail. *See* 49 U.S.C. §§ 13501, 31132(1). The evidence that Horizon produces to prove that Nash worked in interstate commerce appear to be bills of lading, but this evidence is fatally flawed.[5] *See* Bosak Decl., Ex. D, Dkt. 41-4 at 50-89. To the extent the bills of lading are offered to prove the truth of the facts asserted upon them – that certain containers were transported to and from certain locations – they constitute hearsay, and Horizon has not shown that they could be admitted at trial under any exception.[6] See Federal Rule of Civil Procedure 56(c)(2). It's uncertain whether Robert Bosak, Horizon's declarant, is competent to authenticate these documents. And more generally, basic facts about the documents – how they were made, what they actually show, who made the markings on them – remain unclear. It is therefore impossible to conclude as a matter of law on this evidentiary record that Nash drove in interstate commerce.

**IT IS SO ORDERED.**

Dated: December 19, 2019

VINCE CHHABRIA
United States District Judge

---

[4] Horizon styles its motion as a motion to dismiss, but since Horizon relies on extrinsic evidence and the affirmative defense of the statute of limitations, the Court treats the motion as a motion for partial summary judgment. *See* Federal Rule of Civil 12(d).
[5] All requests for judicial notice are denied as moot.
[6] The supporting declaration describes these documents only as "true and correct copies of relevant bills of lading and third-party load tracking documents, which reflect Container Numbers transported by Mr. Nash that originated in a state other than California." Bosak Decl. ¶ 12, Dkt. 41-1 at 3. This is insufficient to show that the bills could be offered as, for example, business records.