WORKMAN LAW FIRM, PC
Robin G. Workman (Bar #145810)
robin@workmanlawpc.com
Rachel E. Davey (Bar #316096)
rachel@workmanlawpc.com
177 Post Street, Suite 800
San Francisco, CA 94108
Telephone: (415) 782-3660
Facsimile: (415) 788-1028

*Attorneys for Plaintiff, Marvin Nash on behalf of himself and all others similarly situated*

UNITED STATES DISTICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN NASH, on behalf of himself and all others similarly situated,<br><br>              Plaintiff,<br><br>       vs.<br><br>HORIZON FREIGHT SYSTEM, INC., and Does 1 through 50, inclusive,<br><br>              Defendants. | No.   3:19-CV-01833-VC<br><br>Assigned for all purposes to the Hon. Vince Chhabria<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Action Filed:    February 22, 2019<br>Trial Date:       Not Set |

Plaintiff Marvin Nash ("Plaintiff"), by his attorneys, brings this action on behalf of himself and all other similarly situated and the general public, and on information and belief, except those allegations that pertain to the named Plaintiff and his attorneys (which are alleged on personal knowledge), hereby alleges as follows:

## SUMMARY OF CLAIMS

1. This class action lawsuit arises from ongoing wrongful conduct by Defendant Horizon Freight System Inc. ("Horizon" or "Defendant"), by its unlawful (1) misclassification of Plaintiff and proposed class members truck drivers as independent contractors, instead of employees, in violation of California Labor Code section 226.8; (2) failure to provide meal breaks, or provide compensation for missed meal breaks, to Plaintiff and proposed class members, as required by California Labor Code sections 226.7 and 512, and section 11 of applicable Industrial Welfare Commission Wage Orders ("Wage Orders"); (3) failure to authorize and permit rest breaks, or provide compensation for missed rest breaks to Plaintiff and proposed class members, as required by California Labor Code section 226.7, and section 12 of applicable Wage Orders; (4) failure to pay Plaintiff and proposed class members, who were paid on a piece rate basis, by trip driven, separately for rest periods, in violation of California Labor Code section 226.2; (5) failure to reimburse Plaintiff and proposed class members for work-related expenses, including but not limited to, gas, mileage, insurance, vehicle maintenance, and other charges incurred to drive their for driving their personal trucks for work, and for the cost of, and the use of, their personal cell phones to do their jobs, in violation of violation of Labor Code section 2802; (6) failure to provide accurate itemized wage statements to Plaintiff and proposed class members containing information as required by California Labor Code section 226; (7) failure to maintain accurate records of Plaintiff's and proposed class members' payroll records showing hours worked daily and wages earned in violation of California Labor Code section 1174(d); (8) failure to pay Plaintiff and proposed class members all wages when due in violation of California Labor Code section 204; (9) failure to pay members of the proposed class all wages due at the time of termination in violation of California Labor Code sections 201-203; and (10) taking deductions from compensation earned by Plaintiff and proposed class members in violation of California Labor

Code section 221. These failures further constitute unfair business practices, in violation of California Business and Professions Code section 17200, et. seq. The violations of Wage Orders further constitute violations of California Labor Code sections 558 and 1198, and also give rise to penalties under California Government Code section 2698, et seq.

## JURISDISCTIONAL ALLEGATIONS

2. Defendant Horizon Freight System, Inc., is and at all relevant times was, a corporation doing business within the State of California, including at 2574 Bataan, Oakland, CA 94607, and is an employer under applicable Industrial Welfare Commission Orders. Defendant Horizon Freight System, Inc.'s California Corporate Number is C2807748.

3. This action seeks relief for unremedied violations of California law, including, inter alia; damages, reimbursements, restitution, penalties, interest and attorneys' fees, as appropriate, to members of the proposed class, aggrieved employees, and to victims of the practices at issue, who have been misclassified as independent contractors, rather than employees, in violation of California Labor Code section 226.8; who have not received compensation for labor provided without meal periods in violation of Labor Code sections 226.7, 512, and 558, and section 11 of the applicable Wage Orders; who have not received compensation for labor provided without rest periods, as required by Labor Code section 226.7 and 558, and section 12 of the applicable Wage Orders; who are paid by the piece rate (per trip) but have not been paid separately for missed rest breaks in violation of Labor Code section 226.2; who have not been reimbursed for work-related expenses in violation of Labor Code section 2802; who have not been furnished with accurate wage statements in violation of Labor Code section 226; whose payroll records were not properly maintained, in violation of Labor Code section 1174; who have not been timely paid for all wages when due, in violation of Labor Code section 204; who have had deductions taken from their wages in violation of Labor Code section 221; and who have not been timely paid for all wages due at the time of termination, in violation of Labor Code sections 201-203. Plaintiff is informed and believes that the damages, reimbursements, restitution, penalties, interest and attorneys' fees do not exceed an aggregate of $4,999,999.99 and that Plaintiff's individual claims do not exceed $74,999.99.

4. The names and capacities of defendants sued herein under California Code of Civil Procedure section 474 as Does 1 through 50, inclusive, are presently not known to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek to amend this Complaint and include these Doe defendants' names and capacities when they are ascertained. Each fictitiously named defendant is responsible in some manner for the conduct alleged herein and for the injuries suffered by Plaintiff, the members of the class, aggrieved employees, and the general public.

5. At all times mentioned in the causes of action alleged herein, each and every Defendant was an agent and/or employee of each and every other Defendant. In doing the things alleged in the causes of action stated herein, each and every Defendant was acting within the course and scope of this agency or employment and was acting with the consent, permission and authorization of each of the remaining Defendants. All actions of each Defendant as alleged in the causes of action stated herein were ratified and approved by every other Defendant or their officers or managing agents.

**GENERAL ALLEGATIONS**

6. Plaintiff is a former employee of Defendant. Throughout his employment with Defendant, Plaintiff worked as a truck driver. Even though Defendant controlled all aspects of Plaintiff's job, Defendant classified Plaintiff, and all other similarly situated truck drivers, as independent contractors instead of employees. This conduct gives rise to penalties under Labor Code section 226.8. As a consequence of the improper classification, Defendant failed to pay Plaintiff and all other similarly situated truck drivers for all expenses incurred to do their jobs, in violation of Labor Code section 2802. Defendant required Plaintiff and similarly situated truck drivers to drive their own trucks to do their job, and to pay all related expenditures associated with driving their vehicles (e.g., gas, mileage, insurance, maintenance, and other fees), but does not fully reimburse them for these costs. Defendant also requires Plaintiff, and those similarly situated truck drivers, to use their personnel cell phones to do their jobs. Defendant texts, calls, and emails Plaintiff and those similarly situated truck drivers throughout the day, and expects Plaintiff and those similarly situated to respond. Drivers similarly routinely communicate with

delivery locations on their personal cell phones. Plaintiff, and those similarly situated truck drivers, also routinely must use the GPS on their cell phones to get to and from locations assigned to them by Defendant. Defendant does not indemnify Plaintiff or those similarly situated of the cost of their cellular phones, or the cell service costs, in violation of section 2802.

7. Because Defendant improperly classified Plaintiff, and similarly situated truck drivers, as independent contractors instead of employees, Defendant took no steps to provide Plaintiff, and similarly situated truck drivers with uninterrupted 30-minute off-duty meal periods. Defendant also keeps no records of meal breaks. As a result, the truck drivers do not receive 30-minute uninterrupted off-duty meal breaks. Plaintiff and similarly situated truck drivers also often work in excess of 10 hours per day. When drivers do so, Defendant did not provide Plaintiff and those similarly situated truck drivers with a second meal period as required by Labor Code section 512 and section 11 of the applicable Wage Order. When the truck drivers do not receive uninterrupted, off-duty 30-minute meal breaks, Defendant does not pay Plaintiff, or those similarly situated drivers, with the additional hour of compensation as required by Labor Code sections 226.7 and 558 and section 11 of the applicable Wage Order. As a result, Defendant did not pay Plaintiff, or those similarly situated drivers, with all wages due as required by Labor Code sections 201-204. Because Defendant improperly classified Plaintiff and similarly situated truck drivers as independent contractors, Defendant did not provide truck drivers with wage statements as required by Labor Code section 226. Among other things, the wage statements do not reflect the drivers gross or net wages due, in that the wage statements do not reflect the additional hour of compensation owed to the drivers when Defendant did not provide mandated meal breaks. The failure to keep this required information also violates Labor Code section 226.3.

8. Because Defendant improperly classified Plaintiff, and similarly situated truck drivers, as independent contractors instead of employees, Defendant did not authorize and permit rest breaks and took no steps to make rest breaks available when Plaintiff, and similarly situated truck drivers, worked more than 3.5 hours per day. As a result, Plaintiff, and similarly situated truck drivers did not receive off-duty, uninterrupted rest periods, in violation of California Labor Code sections 226.7, 558, 1198, and section 12 of applicable Wage Orders. When the truck

drivers do not receive uninterrupted 10-minute off-duty rest breaks, Defendant does not pay Plaintiff, or those similarly situated drivers, with the additional hour of compensation as required by Labor Code section 226.7 and section 12 of applicable Wage Orders. As a result, Defendant did not pay Plaintiff, or those similarly situated drivers, with all wages due as required by Labor Code sections 201-204. Because Defendant improperly classified Plaintiff and similarly situated truck drivers as independent contractors, Defendant did not provide truck drivers with wage statements as required by Labor Code section 226. Among other things, the wage statements do not reflect the drivers gross or net wages due, in that the wage statements do not reflect the additional hour of compensation owed to the drivers when Defendant did not authorize and permit mandated rest breaks. The failure to keep this required information also violates Labor Code section 226.3.

9. Plaintiff and similarly situated truck drivers are not paid hourly, but are paid piece rate, by the trip. However, Defendant does not pay Plaintiff, or similarly situated truck drivers, separately for rest periods, in violation of Labor Code section 226.2. Because Defendant does not pay Plaintiff or similarly situated truck drivers separate compensation for rest breaks, Defendant did not provide wage statements that show all hours worked or all gross or net wages due, in violation of section 226. Defendant also took deductions from compensation owed to Plaintiff and other similarly situated truck drivers for a myriad of things, including, but not limited to, deductions for speeding violations, chassis violations, using a cellular phone while driving, damaged tires or other equipment, accident claims, signage costs, log violations, roadside inspection violations, overnight delivery charges, and/or fuel charges. Taking of these deductions violated Labor Code section 221.

10. Labor Code section 226(a) required Defendant to provide Plaintiff, and similarly situated truck drivers, with accurate itemized statements setting forth many things, including the following: (1) gross wages earned; (2) total hours worked by the employee; (3) the number of piece rate units and rates the drivers were paid on a piece rate basis; (4) all deductions; (5) net wages earned: (6) the inclusive dates of the periods for which the employee is paid; and (7) the name of the employee and only the last four digits of his or her social security number or an

employee identification number other than a social security number.  As Defendant improperly classified Plaintiff and similarly situated drivers as independent contractors, Defendant did not provide the drivers with wage statements setting forth this required information.  This failure gives rise to civil penalties under Labor Code section 226.3.

11. Because Defendant did not adequately keep records of Plaintiff's and proposed class members' meal breaks taken and not taken as required by Labor Code sections 226.7 and 512, Defendant failed to maintain accurate and complete payroll records, as required by Labor Code section 1174(d).  This failure gives rise to civil penalties under Labor Code section 1174.5.

12. Because Defendant failed to pay Plaintiff and similarly aggrieved truck drivers an extra hour at the regular rate for forgone meal breaks and rest breaks, Defendant failed to timely pay Plaintiff and similarly aggrieved truck drivers all wages when due, in violation of Labor Code section 204.  Plaintiff therefore seeks to recover civil penalties for this violation as a representative of the State, pursuant to Labor Code sections 210 and 2699.5.

13. Defendant failed to pay Plaintiff and proposed class members an extra hour at the regular rate for their forgone meal breaks and rest breaks.  During the relevant period, the employment of many proposed class members with Defendant ended and they were not paid all wages due either immediately or within 72 hours of termination or resignation, in violation of Labor Code sections 201 and 202.  Plaintiff therefore seeks wages as civil penalties on behalf of those proposed class members who were not paid all wages due either immediately or within 72 of termination or resignation, pursuant to Labor Code section 203.

14. Given the violations of the aforementioned Labor Code sections and Wage Orders, Defendant is therefore liable for unfair business practices, in violation of California Business & Professions Code section 17200, et. seq.

15. Given the violations of the aforementioned Labor Code sections and Wage Orders, Defendant is therefore liable for civil penalties set forth within, and authorized by, the PAGA, California Labor Code section 2698, et. seq.

## CLASS ALLEGATIONS

16. Plaintiff brings this action on behalf of himself and all other similarly situated truck

drivers who worked for Defendant in California during the four years preceding the filing of this complaint (the "proposed class").

17. Because Defendant classified Plaintiff as an independent contractor, and not an employee, Defendant took no action to provide Plaintiff with statutory meal or rest periods, for which Plaintiff was not properly compensated; Plaintiff was routinely required to work without statutory meal or rest periods, for which Plaintiff was not properly compensated; was a piece rate worker who was not separately compensated for rest breaks; failed to receive adequate reimbursement for the use of his personal truck and cell phone to do his job; had deductions taken from his wages; failed to receive timely and accurate wage statements; did not have his payroll records maintained properly by Defendant; and was not paid all wages earned when they were due; Plaintiff's claims are typical of the proposed class.

18. Plaintiff will fairly and adequately represent and protect the interests of the proposed class members in that he has no disabling conflict of interest that would be antagonistic to those of the other proposed class members. Plaintiff retained counsel who are competent and experienced in the prosecution of class action wage and hour violations.

19. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the proposed classes predominate over questions that may affect individual class members, include but are not limited to the following:

(a) Whether Defendant implemented and engaged in a practice whereby Defendant unlawfully misclassified truck drivers as independent contractors;

(b) Whether Defendant implemented and engaged in a practice whereby Defendant unlawfully failed to take any action to provide truck drivers meal breaks;

(c) Whether Defendant implemented and engaged in a practice whereby Defendant unlawfully failed to take any action to authorize and permit truck drivers to take rest breaks;

     (d)    Whether Defendant implemented and engaged in a practice whereby Defendant unlawfully failed to separately compensate truck drivers for rest breaks, or provide compensation for missed rest breaks;

     (e)    Whether Defendant implemented and engaged in a practice whereby Defendant unlawfully failed to provide truck drivers accurate itemized wage statements;

     (f)    Whether Defendant implemented and engaged in a practice whereby Defendant failed to reimburse truck drivers for work-related expenses;

     (g)    Whether Defendant implemented and engaged in a practice whereby Defendant failed to timely pay truck drivers all wages when due, including at termination;

     (h)    Whether Defendant implemented and engaged in a practice whereby Defendant took deductions from truck drivers' compensation;

     (i)    Whether the practices of Defendant as alleged herein violated, inter alia, applicable provisions of the California Labor Code, including but not limited to sections 201-204, 221, 226, 226.2, 226.7, 226.8, 512, 558, 1174, 1194, 1198, 1198.5, 2802, and the Unfair Competition Law codified in California Business and Professions Code section 17200, et seq.

20.    Plaintiff and the members of the proposed class have all similarly suffered irreparable harm and damages as a result of Defendant's unlawful and wrongful conduct, including but not limited to Defendant's: misclassification of truck drivers, pattern and practice of failing to provide rest and meal periods and compensation for work without rest and meal periods; systematic practice of failing to separately compensate Plaintiff and the proposed class, who are piece rate workers, for rest breaks; pattern and practice of failing to sufficiently reimburse the proposed class for work-related expenses; systematic practice of failing to furnish accurate itemized wages statements; systematic practice of failing to maintain accurate payroll records; systematic practice of taking deductions from truck drivers' compensation; and pattern and practice of failing to pay employees all wages when due, including upon termination. These issues are common to all proposed class members, making class treatment especially appropriate. Because the actions of Defendant toward proposed class members follow common patterns, all of

which are reflected in the records possessed by Defendant, this action will provide substantial benefits to all proposed class members. Absent this action, Defendant's unlawful conduct will continue unremedied and uncorrected.

## FIRST CAUSE OF ACTION

**(Meal Break Violations: Cal. Lab. Code §§ 226.7 & 512
& Applicable Industrial Welfare Commission Wage Orders §11)**

21. Plaintiff and proposed class members incorporate by reference the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

22. During all relevant periods, Defendant misclassified truck drivers as independent contractors. As a result of this misclassification, Defendant took no action to provide truck drivers with required meal breaks. To do their job, Plaintiff and proposed class members routinely worked more than 5 hours a day without receiving mandated 30-minute off-duty meal breaks. Plaintiff and proposed class members also routinely worked more than 10 hours a day without receiving a second mandated 30-minute off-duty meal break. Defendant likewise did not pay Plaintiff or proposed class members an additional hour of compensation when Plaintiff or proposed class members did not receive the mandated 30-minute off-duty meal breaks. This failure violates California Labor Code sections 226.7, 512, 558, 1198, and section 11 of the applicable Wage Order. Defendant is therefore liable for penalties under the PAGA, Labor Code section 2699 et seq.

23. As a result of Defendant's failure to pay Plaintiff and proposed class members for missed meal periods, Defendant did not pay Plaintiff, or those similarly situated employees, with all wages due as required by Labor Code sections 201-204, for which Plaintiff seeks penalties pursuant to Labor Code sections 203, 210, 558, and 2699.5.

24. As Defendant did not pay Plaintiff or proposed class members the additional hour of compensation when they were not provided meal breaks as required by Labor Code sections 226.7 and 558, or separately compensate them, as piece rate workers, for rest breaks, Defendant did not furnish Plaintiff or proposed class members with accurate wage statements, in violation of

Labor Code section 226(a), as the wage statements do not reflect all gross wages earned (§ 226(a)(1)), total hours worked (§ 226(a)(2)), or net wages earned (§ 226(a)(5)).

25. As a result of Defendant's failures, Plaintiff and the proposed class members are entitled to recover the additional hour of compensation as set forth in California Labor Code sections 226.7 and 558.

26. Plaintiff and proposed class members are therefore entitled to the relief requested below.

### SECOND CAUSE OF ACTION
**(Rest Break Violations: Cal. Lab. Code §§ 226.7
& Applicable Industrial Welfare Commission Wage Orders §12)**

27. Plaintiff and the proposed class members incorporate by reference the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

28. During all relevant periods, Defendant misclassified Plaintiff and other similarly situated truck drivers as independent contractors. As a result of this misclassification, Defendant took no action to authorize and permit truck drivers to take rest periods. Defendant routinely required Plaintiff and proposed class members to work more than 3.5 hours without taking mandated 10-minute rest breaks. Defendant likewise did not pay Plaintiff or proposed class members an additional hour of compensation when Plaintiff or proposed class members did not receive the mandated 10-minute meal breaks. This failure violated section 12 of applicable Wage Orders and California Labor Code section 226.7.

29. In addition, when Plaintiff and proposed class members work in excess of 8 hours in one day, often in excess of 12 hours in one day, Defendant does not authorize and permit Plaintiff and proposed class members to take a second or third, uninterrupted off-duty 10-minute rest break.

30. When Plaintiff and proposed class members do not receive uninterrupted, off-duty 10-minute rest breaks, Defendant does not pay Plaintiff, or proposed class members, with the additional hour of compensation, as required by section 12 of applicable Wage Orders and Labor Code section 226.7. This violation of section 12 of applicable Wage Orders is also a violation of Labor Code section 1198, for which Defendant is liable for penalties under the

PAGA, Labor Code section 2698 et seq. Plaintiff also seeks civil penalties for this violation pursuant to Labor Code section 558, because Defendant violates "any provision regulating hours and days of work in any order of the Industrial Welfare Commission," here, section 12 of applicable Wage Orders.

31. As a result of Defendant's failure to pay Plaintiff and proposed class members for missed rest periods, Defendant also did not pay Plaintiff, or proposed class members, with all wages due as required by Labor Code sections 201-204, for which Plaintiff seeks penalties pursuant to Labor Code sections 203, 210, 558, and 2698 et seq.

32. Because Defendant did not pay Plaintiff or proposed class members the additional hour of compensation when they were not provided rest breaks as required by Labor Code sections 226.7 and section 12 of applicable Wage Orders, and did not pay Plaintiff or proposed class members separately for rest periods in violation of Labor Code section 226.2, Defendant did not furnish Plaintiff or proposed class members with accurate wage statements, in violation of Labor Code section 226(a), as the wage statements do not reflect all gross wages earned (§ 226(a)(1)), total hours worked (§ 226(a)(2)), or net wages earned (§ 226(a)(5)).

33. As a result of Defendant's failures, Plaintiff and proposed class members are entitled to recover the additional hour of compensation as set forth in California Labor Code sections 226.7 and 558.

34. Plaintiff and proposed class members are therefore entitled to the relief requested below.

## THIRD CAUSE OF ACTION
### (Reimbursement Violations: Cal. Lab. Code § 2802)

35. Plaintiff and proposed class members incorporate by reference the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

36. As a consequence of the Defendant classifying Plaintiff, and all other similarly situated truck drivers, as independent contractors, Defendant did not reimburse Plaintiff and all other similarly situated truck drivers for all the expenses the drivers incurred to do their jobs. This failure violated Labor Code section 2802. Defendant requires Plaintiff and similarly situated truck

drivers to drive their own trucks to do their job, and to pay all related expenditures associated with driving their vehicles (e.g., gas, mileage, insurance, maintenance, and other fees and costs), but does not fully reimburse the drivers for these costs. Defendant also requires Plaintiff, and those similarly situated truck drivers, to use their personnel cell phones to do their jobs. Defendant texts, calls, and emails Plaintiff and those similarly situated truck drivers throughout the day, and expects Plaintiff and those similarly situated to respond. Plaintiff, and those similarly situated truck drivers, also routinely must use the GPS on their cell phones to get to and from locations assigned to them by Defendant. Drivers also routinely communicate with customers at pick up and drop off locations. Defendant does not indemnify Plaintiff or those similarly situated for the cost of their cellular phones, or the cell service costs, in violation of section 2802.

37. Defendant's policies regarding failure to fully reimburse for all work-related expenses applied to Plaintiff and all proposed class members such that all are due reimbursement, and interest thereon, for Defendant's failure to comply with Labor Code section 2802.

38. Plaintiff also seeks penalties and attorneys' fees for Defendant's violation of Labor Code section 2802, pursuant to the PAGA, including Labor Code sections 2699(g)(1), 2699.3, and 2699.5.

39. Plaintiff and proposed class members are therefore entitled to the relief requested below.

### FOURTH CAUSE OF ACTION

**(Inaccurate Wage Statements: Cal. Lab. Code §§ 226 & 226.2)**

40. Plaintiff and proposed class members incorporate by reference the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

41. Because it misclassifies Plaintiff and all similarly situated truck drivers, it did not provide truck drivers with accurate wage statements containing the information required by Labor Code sections 226 and 226.2. Defendant does not pay the drivers, who are paid on a piece rate basis by "trip," for rest and recovery periods separately from, and in addition to, their piece-rate pay, in violation of Labor Code sections 226 and 226.2. Specifically, Defendant failed to pay Plaintiff and proposed class members for rest and recovery periods at an hourly rate that is

determined, per section 226.2, by dividing the employee's total compensation for the workweek (excluding compensation for rest and recovery periods and overtime premiums) by the total hours worked during the workweek (not including rest and recovery periods). In further violation of Labor Code sections 226 and 226.2, Plaintiff's and proposed class members' wage statements do not contain the total hours of compensable rest and recovery periods, the rate of pay for those periods, and the gross wages paid for those periods during the pay period. Because Defendant does not pay a base hourly rate for all hours worked (in addition to piece-rate wages), then the employer must also list the total hours of other nonproductive time, the rate of compensation for such time, and the gross wages paid for such time during the pay period, but does not do so, and has not since January 1, 2016.

42. In addition, from four years prior to the date this complaint is filed, Defendant failed to pay Plaintiff, and proposed class members, with the additional hour of compensation owed when the class members did not receive mandated off-duty meal or rest breaks. As such, Defendant failed to furnish accurate itemized wage statements to Plaintiff and proposed class members containing information as required by California Labor Code section 226 subdivision (a) paragraphs (1) gross wages earned, (2) total hours worked, and (5) net wages earned. In addition, Defendant fails to include all applicable hourly rates, (9), the piece rates and applicable rates of compensation for wage statements, (3) as well as the last 4 digits of their social security numbers or other identifying number (7). These failures caused Plaintiff and proposed class members to suffer injury as defined by California Labor Code section 226(e)(2)(B)(i). As a result of Defendant's failures, Plaintiff and proposed class members are entitled to recover the penalties and attorneys' fees as set forth in California Labor Code section 226(e)(1).

43. As a result of Defendant's violations of Labor Code section 226(a), Plaintiff and proposed class members are also entitled to recover the penalties as set forth in California Labor Code section 226.3.

44. Plaintiff also seeks penalties for Defendant's violations of Labor Code section 226 subsection (a), paragraphs (1), (2), (3), (5), and (7), pursuant to Labor Code sections 2699.3 and 2699.5, and attorneys' fees pursuant to section 2699(g)(1).

45. Plaintiff and proposed class members are therefore entitled to the relief requested below.

## FIFTH CAUSE OF ACTION

**(Deduction Violations: Cal. Lab. Code § 221)**

46. Labor Code § 221 provides that it "shall be unlawful for any employer to collect or receive from and employee and part of wages theretofore paid by said employer to said employee."

47. Defendant takes unauthorized deductions from wages owed to Plaintiff and other similarly situated truck drivers for a myriad of things, including, but not limited to, deductions for speeding violations, chassis violations, using a cellular phone while driving, damaged tires or other equipment, accident claims, signage costs, log violations, roadside inspection violations, overnight delivery charges, and/or fuel charges, in violation of California Labor Code § 221.

48. A violation of Labor Code § 221 is a misdemeanor pursuant to Labor Code § 225 and Defendant is also subject to civil penalties pursuant to Labor Code § 225.5 in amount according to proof at trial as set forth below.

49. Plaintiff and proposed class members are therefore entitled to the relief requested below.

## SIXTH CAUSE OF ACTION

**(Unlawful, Unfair And Fraudulent Business Practices: Business & Professions Code § 17200, et seq.)**

50. Plaintiff and proposed class members incorporate by reference the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

51. Business & Professions Code section 17200, et seq., prohibits acts of unfair competition, defined as an "unlawful, unfair, or fraudulent business act or practice."

52. The policies, acts and practices heretofore described were and are unlawful business acts or practices because Defendant's (1) misclassification of Plaintiff and proposed class members as independent contractors, instead of employees, in violation of California Labor Code section 226.8; (2) failure to provide meal breaks, or provide compensation for missed meal

breaks, to Plaintiff and proposed class members, as required by California Labor Code sections 226.7 and 512, and section 11 of applicable Industrial Welfare Commission Wage Orders ("Wage Orders"); (3) failure to provide rest breaks, or provide compensation for missed rest breaks to Plaintiff and proposed class members, as required by California Labor Code section 226.7, and section 12 of applicable Wage Orders; (4) failure to pay Plaintiff and proposed class members, who were paid on a piece rate basis, by trip driven, separately for rest periods, in violation of California Labor Code section 226.2; (5) failure to reimburse Plaintiff and proposed class members for work-related expenses, including but not limited to, gas, mileage, insurance, vehicle maintenance, and other costs and fees incurred for driving their personal trucks for work, and for the cost of, and the use of, their personal cell phones to do their jobs, in violation of violation of Labor Code section 2802; (6) failure to provide accurate itemized wage statements to Plaintiff and proposed class members containing information as required by California Labor Code section 226(a); (7) failure to maintain accurate records of Plaintiff's and proposed class members' payroll records showing hours worked daily and wages earned in violation of California Labor Code section 1174(d); (8) failure to pay Plaintiff and proposed class members all wages when due in violation of California Labor Code section 204; (9) taking deductions from Plaintiff and proposed class members' wages in violation of California Labor Code section 221; and, (10) failure to pay members of the proposed class all wages due at the time of termination in violation of California Labor Code sections 201-203.; violate applicable Labor Code sections, Industrial Welfare Commission Wage Orders, the Private Attorneys General Act of 2004, Labor Code section 2698 et seq., and other provisions of California common and/or statutory law.  Plaintiff reserves the right to allege additional statutory and common law violations by Defendant.  Such conduct is ongoing to this date.

53. Further, the policies, acts or practices described herein were and are an unfair business acts or practices because any justifications for Defendant's illegal and wrongful conduct were and are vastly outweighed by the harm such conduct caused to Plaintiff, proposed class members, aggrieved employees, and the members of the general public.  Such conduct is ongoing to this date.

54. As a result of its unlawful and/or unfair and/or fraudulent acts, Defendant reaps and continues to reap unfair benefits and illegal profits at the expense of Plaintiff and proposed class members. Defendant should be made to disgorge ill-gotten gains and provide restitution to Plaintiff and proposed class members for the wrongfully withheld wages pursuant to Business and Professions Code section 17203.

55. Accordingly, Plaintiff and proposed class members respectfully request that the Court award judgment and relief in their favor, to provide restitution, and other types of equitable relief.

56. Plaintiff and the proposed class members are therefore entitled to the relief requested below.

### SEVENTH CAUSE OF ACTION

**(Labor Code Private Attorneys General Act of 2004 (the "PAGA"):
Cal. Lab. Code § 2698, et. seq.)**

57. Plaintiff and the aggrieved employees incorporate by reference the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

58. The policies, acts and practices heretofore described were and are unlawful because Defendant's (1) misclassification of Plaintiff and proposed class members as independent contractors, instead of employees, in violation of California Labor Code section 226.8; (2) failure to provide meal breaks, or provide compensation for missed meal breaks, to Plaintiff and proposed class members, as required by California Labor Code sections 226.7 and 512, and section 11 of applicable Industrial Welfare Commission Wage Orders ("Wage Orders"); (3) failure to provide rest breaks, or provide compensation for missed rest breaks to Plaintiff and proposed class members, as required by California Labor Code section 226.7, and section 12 of applicable Wage Orders; (4) failure to pay Plaintiff and proposed class members, who were paid on a piece rate basis, by trip driven, separately for rest periods, in violation of California Labor Code section 226.2; (5) failure to reimburse Plaintiff and proposed class members for work-related expenses, including but not limited to, gas, mileage, insurance, vehicle maintenance, and other costs and fees, for driving their personal trucks for work, and for the cost of, and the use of,

their personal cell phones to do their jobs, in violation of violation of Labor Code section 2802; (6) failure to provide accurate itemized wage statements to Plaintiff and proposed class members containing information as required by California Labor Code section 226; (7) failure to maintain accurate records of Plaintiff's and proposed class members' payroll records showing hours worked daily and wages earned in violation of California Labor Code section 1174(d); (8) failure to pay Plaintiff and proposed class members all wages when due in violation of California Labor Code section 204; (9) taking deductions from Plaintiff and proposed class members' wages in violation of California Labor Code section 221; and, (10) failure to pay members of the proposed class all wages due at the time of termination in violation of California Labor Code sections 201-203; violate applicable Labor Code sections and gives rise to statutory and civil penalties as a result of such conduct, including but not limited to penalties as provided by Labor Code sections 203, 210, 226(e), 226.3, 226.8, 558, 1174.5, 2699(a), 2699(f), and 2699.5, and applicable Industrial Welfare Commission Wage Orders. Plaintiff, as an aggrieved employee, hereby seeks recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 on behalf of himself and other current and former employees of Defendant against whom one or more of the violations of the Labor Code was committed. Plaintiff further seeks attorneys' fees to achieve the same, pursuant to Labor Code section 2699(g)(1).

59. In addition, Defendant failed to pay Plaintiff and proposed class members for separately for their rest period at a rate that is no less than the minimum wage, as required by Labor Code section 226.2. As such, Defendant failed to pay Plaintiff and proposed class members all wages when due in violation of Labor Code sections 201-204. This conduct further violates applicable Labor Code sections and gives rise to statutory and civil penalties as a result of such conduct, including but not limited to penalties as provided by Labor Code sections 203, 2699(a), 2699(f), and 2699.5, and applicable Industrial Welfare Commission Wage Orders.

60. On December 18, 2018, and January 2, 2020, Plaintiff gave written notice to the California Labor and Workforce Development Agency by online submission through their website and by certified mail to Freight System Inc. of Labor Code violations as prescribed by California Labor Code section 2699.3. Plaintiff has not received written notification by the

LWDA of an intention to investigate the allegations set forth in Plaintiff's December 18, 2018, letter or written notice of cure by February 21, 2019, 65 calendar days after the postmark date of the notice given to the LWDA, as prescribed by California Labor Code section 2699.3(a)(2)(A).

### PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for judgment and relief as follows:

1. An order certifying that the action may be maintained as a class action;

2. Compensatory and statutory damages, penalties and restitution, as appropriate and available under each cause of action, in an amount to be proven at trial based on, inter alia, the unpaid balance of compensation Defendant owes;

3. Reasonable attorneys' fees pursuant to California Labor Code sections 218.5, 226(e)(1), 2699(g)(1), and 2802;

4. Costs of this suit;

5. Pre- and post-judgment interest; and

6. Such other and further relief as the Court deems just and proper.

7. Plaintiff is informed and believes that the damages, back wages, restitution, penalties, interest and attorneys' fees do not exceed an aggregate of $4,999,999.99 and that the pro-rata value of Plaintiff's individual claims, including damages, back wages, restitution, injunctive relief, interest, attorneys' fees, and penalties, does not exceed $74,999.99.

### JURY DEMAND

Plaintiff hereby demands a trial by jury.

Date: January 30, 2020

WORKMAN LAW FIRM, PC

By: /s/ Robin G. Workman
Robin G. Workman
*Attorneys for Marvin Nash, and all others similarly situated*