**WORKMAN LAW FIRM, PC**
Robin G. Workman (Bar #145810)
robin@workmanlawpc.com
2325 3rd Street, Suite 329
San Francisco, CA 94107
Telephone:  (415) 782-3660
Facsimile:  (415) 788-1028

*Attorneys for Plaintiff, Marvin Nash on behalf of himself and all others similarly situated*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN NASH, and all others similarly situated,<br><br>　　　　　Plaintiff,<br>v.<br><br>HORIZON FREIGHT SYSTEM, INC.; and DOES 1 through 50,<br><br>　　　　　Defendants. | Case No. 3:19-CV-01883-VC<br><br>**(PROPOSED) ORDER GRANTING PLAINTIFF'S APPLICATION FOR ORDER AS MODIFIED:**<br><br>a)　**GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT;**<br><br>b)　**APPROVING THE FORM AND MANNER OF NOTICE TO PROVIDE TO THE CLASS AND DIRECTING THAT A NEUTRAL THIRD PARTY GIVE SUCH NOTICE TO THE CLASS;**<br><br>c)　**APPROVING ILYM Group, INC., A NEUTRAL THIRD PARTY, AS SETTLEMENT ADMINISTRATOR;**<br><br>d)　**SETTING A HEARING FOR FINAL APPROVAL OF THE PROPOSED SETTLEMENT AND AWARD OF ATTORNEYS' FEES AND COSTS TO CLASS COUNSEL AND ENHANCEMENTS TO CLASS REPRESENTATIVE.**<br><br>**DATE:**　　**January 13, 2022**<br>**TIME:**　　**10:00 a.m.**<br>**CRTM:**　　**4- 17th Floor** |

On January 13, 2022, the Court held a hearing on the application of Plaintiff and Class Representative Marvin Nash ("Plaintiff") for preliminary approval of the parties' proposed Settlement; approval of the notice to be sent to the class members about the Settlement; appointment of the Settlement Administrator; and the setting of a date for the hearing on the parties' motion for Final Approval of the Settlement and Plaintiff's motion for the Class Representatives Service Payment and Class Counsels' attorneys' fees and costs.  Robin G. Workman of Workman Law Firm, PC, appeared for Plaintiff Marvin Nash, Alan Rupe and Anthony Oceguera of Lewis Brisbois appeared for Defendant Horizon Freight System, Inc. ("Defendant").

The Court having read and considered the papers on the motion, the arguments of counsel, and the law, and good cause appearing therefore, the motion is hereby granted, and **IT IS ORDERED:**

1.On December 23, 2020, the Court certified the following Class: "any and all persons who contracted with and drove for Defendant within the State of California at any time from February 22, 2015 to the Preliminary Approval Date." The Court finds that the Class continues to satisfy all of the requirements of Federal Rule of Civil Procedure, Rule 23(a) and Rule 23(b)(3).

2.The proposed Joint Stipulation of Class Action Settlement and Release ("Settlement") is hereby preliminarily approved.  The Court concludes that the proposed Settlement is reasonable on this record and thus warrants preliminary approval and appears to be the product of non-collusive, arm's length and informed negotiations and to treat all Class Members fairly.

3.The Court appoints ILYM Group, Inc. ("ILYM Group") to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement.

4.The Court approves, as to form and content, the Notice of Proposed Class Action Settlement (the "Class Notice"), attached hereto as Exhibit A.  Plaintiff's proposed notice plan is constitutionally sound because individual notices will be mailed to all Settlement Class

members, and such notice is the best notice practicable. Plaintiff's proposed Class Notice is sufficient to inform Settlement Class Members of the terms of the Settlement, their rights under the Settlement, their rights to object to the Settlement, their right to receive a Settlement Award, and their right to elect not to participate in the Settlement, the processes for doing so, and the date and location of the final approval hearing, and, therefore the Court approves them all.

5. The Court appoints ILYM Group as the Settlement Administrator. The Court directs Defendant to provide the ILYM Group with Class Members' social security number, last known address, and telephone numbers within 14 calendar days after the date of this Order, as specified by the Settlement Agreement. "Class Members" means "any and all persons who contracted with and drove for Defendant within the State of California at any time from February 22, 2015 to the Preliminary Approval Date," the class certified by the Court on December 23, 2020, which is approximately 131 drivers.

6. As specified in the Settlement Agreement, not later than 30 calendar days after the date of this Order, the ILYM Group shall distribute the Class Notice to all Class Members by First Class U.S. Mail to their last known address. The ILYM Group will fill in the blank portions of the Class Notice to reflect the appropriate deadlines for Class Members to object to or exclude themselves from the Settlement prior to mailing the notice and to reflect the appropriate address to which Class Members should send their objections or requests for exclusions. The ILYM Group shall make such efforts as are reasonable (if any) to locate each Class Member whose original Class Notice is returned as undeliverable.

7. The ILYM Group will submit a declaration confirming mailing of the Class Notice to Class Members prior to the final approval hearing.

8. The ILYM Group shall provide Class Counsel, Defendant's Counsel, and the Court with the identification of any Class Member(s) who timely request exclusion from the Class and Settlement prior to the final approval hearing.

9. Any Class Member who wishes to be excluded from or objects to the Settlement must submit his or her Opt Out Statement or objection pursuant to the procedures set forth in the

Class Notice. However, Class Members' failure to comply with these stated requirements may be excused with a showing of good cause. To be timely, all Opt Out Statements and/or Objections must be postmarked no later than forty-five (45) calendar days from the date on which the Settlement Administrator mailed the Class Notice (the "Class Notice Response Deadline").

10. The Court will hold a final approval hearing on April 14, 2022, at 2:00 p.m. to determine:

    a. whether the Settlement, on the terms and conditions provided for in the Settlement Agreement, should be finally approved by the Court as fair, reasonable, and adequate;

    b. Whether the Court should enter Judgment consistent with the terms of the final approval order;

    c. Whether the application for attorneys' fees and expenses to be submitted by class counsel should be approved; and,

    d. Whether the application for service awards to the class representative should be approved.

11. The Court may finally approve the proposed settlement at or after the final approval hearing with any modifications ordered by the Court and agreed to by the Parties without further notice to the Class Members.

12. The Court hereby sets the following schedule:

| | |
|---|---|
| Deadline for Defendant to Provide Class Member Information to Settlement Administrator | Not later than 14 calendar days after the entry of this Order |
| Deadline for Settlement Administrator to mail Class Notice | Not later than 30 calendar days after entry of this Order |

| Last day for Class Members who have not submitted an Opt Out Statement to submit objections and/or dispute claim amounts | 45 calendar days from the date Notice of Settlement is mailed, unless a Settlement Class Member's Class Notice was re-mailed by the Settlement Administrator, in which case the deadline shall be extended for that individual to either the response deadline, or 10 calendar days from remailing of the original Class Notice, whichever is later. However, Class Members' failure to comply with these stated requirements may be excused with a showing of good cause. |
|---|---|
| Last Day for Class Members to Submit Opt Out Statement | 45 calendar days from the date Notice of Settlement is mailed, unless a Settlement Class Member's Class Notice was re-mailed by the Settlement Administrator, in which case the deadline shall be extended to either the response deadline, or 10 calendar days from remailing of the original Class Notice, whichever is later. However, Class Members' failure to comply with these stated requirements may be excused with a showing of good cause. |
| Final Approval Hearing and hearing on Plaintiffs' motion for fees, costs, and service awards | April 14, 2022 at 10:00 a.m. |

13. All further proceedings in this Action shall be stayed except such proceedings necessary to carry out the terms of the Settlement Agreement, including the final approval hearing. To the extent permitted by law, pending the final approval hearing, the Court hereby orders that the Class Members shall not prosecute any other claims or actions against Defendant or other Released Parties (as defined in the Settlement Agreement) that would be released by the defined released claims in the Settlement Agreement if final approval of the Settlement is granted.

14. The Court reserves the right to continue the date of the final approval hearing and to enter judgment upon granting final approval without further notice to Settlement Class Members. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

**IT IS SO ORDERED.**

DATE:  January 13, 2022                    _____
                                            Hon. Vince Chhabria
                                            United States District Court Judge

# EXHIBIT A

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Marvin Nash v. Horizon Freight System, Inc.*
United States District Court Northern District of California
Case No. 3:19-CV-01883-VC

*A court authorized this Notice. This is not a solicitation by a lawyer. You are not being sued.*

IF YOU DROVE FOR HORIZON FREIGHT SYSTEM, INC. ("DEFENDANT") IN CALIFORNIA AT ANY TIME BETWEEN FEBRUARY 22, 2015 THROUGH <<PRELIM DATE>>, THIS PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS.

### Why should you read this Notice?

A proposed settlement (the "Settlement") has been reached in a class action lawsuit entitled *Marvin Nash v. Horizon Freight System, Inc.*, Case No. 3:19-CV-01883-VC (the "Action"). The purpose of this Notice of Proposed Class Action Settlement ("Notice") is to briefly describe the Action and to inform you of your rights and options in connection with the Action and the proposed Settlement. The proposed Settlement will resolve all claims in the Action.

A hearing concerning final approval of the proposed Settlement is scheduled to be held before the Hon. Vince Chhabria on <<FINAL APPROVAL DATE>>, 2021, at <<TIME>> in Courtroom 4 – 17th Floor of the United States District Court Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, to determine whether the Settlement is fair, adequate, and reasonable. The date of the final approval hearing may change without further notice to the class. Class members should check the settlement website or the Court's PACER site, identified below, to confirm that the date has not changed. As a Class Member, you are eligible to receive an individual Settlement Payment under the Settlement and will be bound by the release of claims described in this Notice and the Settlement Agreement filed with the Court, unless you timely request to be excluded from the Settlement.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING – GET MONEY** | If you do nothing, you will be considered part of the Class and will receive settlement benefits as explained more fully below. You will also give up rights to pursue a separate legal action against Defendant for the Released Claims asserted in the Action as explained more fully below. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS DEADLINE TO EXCLUDE YOURSELF: <<RESPONSE DATE>>** | You have the option to pursue separate legal action against Defendant about the claims in the Action. If you choose to do so, you must exclude yourself, in writing, from the Settlement by submitting a written Request to be Excluded. As a result, you will not receive any benefits under the Settlement. |
| **OBJECT TO THE SETTLEMENT DEADLINE TO SUBMIT *WRITTEN* OBJECTIONS: <<RESPONSE DATE>>** | You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.<br><br>Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are |

|  | responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Nash v. Horizon Freight System, Inc.*, Case Number 3:19-CV-01883-VC), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102-3489, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before <<**RESPONSE DATE**>>. Failure to comply with these stated requirements may be excused for good cause. |
|---|---|

### Who is affected by this proposed Settlement?

The Court has certified the following class (the "Class"):

Any and all persons who drove for Defendant in California at any time during the period beginning February 22, 2015 through <<**PRELIM DATE**>> (the Class Period), regardless of whether such persons currently drive for Defendant.

According to Defendant's records, you are a member of the Class ("Class Member").

### What is this case about?

In the Action, Plaintiff Marvin Nash ("Plaintiff") alleged on behalf of Plaintiff and the Class that Defendant was liable for the following: (1) meal break violations (Cal. Lab. Code §§ 226.7 & 512 & Applicable Industrial Commission Wage Orders ("IWC WO") § 11; (2) rest break violations (Cal. Lab. Code §§ 226.7 & Applicable IWC WO § 12); (3) Reimbursement Violations (Cal. Lab. Code § 2802); (4) Inaccurate Wage Statements (Cal. Lab. Code §§ 226 & 226.2); (5) Deduction Violations (Cal. Lab. Code § 221); (5) Unlawful, Unfair and Fraudulent Business Practices: Bus. & Prof. Code § 17200 et seq.; and (7) Labor Code Private Attorney General Act of 2004 (the "PAGA") (Cal. Lab. Code § 2698, et seq.). However, Plaintiff currently seeks reasonable expense reimbursements, recovery of wages for improper deductions, restitution, interest, attorneys' fees, and costs.

Horizon Freight System, Inc. denies all liability and is confident that it has strong legal and factual defenses to these claims, but it recognizes the risks, distractions, and costs associated with litigation. Horizon Freight System, Inc. contends that its conduct is and has been lawful at all times relevant and that Plaintiff's claims do not have merit and do not meet the requirements for class certification.

This Settlement is a compromise reached after good faith, arm's length negotiations between Plaintiff and Horizon Freight System, Inc. (the "Parties"), through their attorneys, and is not an admission of liability on the part of Horizon Freight System, Inc. Both sides agree that, in light of the risks and expenses associated with continued litigation, this Settlement is fair, adequate, and reasonable. Plaintiff also believes this Settlement is in the best interests of all Class Members.

The Court has not ruled on the merits of Plaintiff's claims or Horizon Freight System, Inc.'s defenses.

### Who are the attorneys representing the Parties?

The attorneys representing the Parties in the Action are:

| **Class Counsel** | **Defendant's Counsel** |
|---|---|
| Robin G. Workman (Bar #145810) robin@workmanlawpc.com | |

| | |
|---|---|
| 177 Post Street, Suite 800 | Alan Rupe, Pro Hac Vice |
| San Francisco, CA 94108 | Alan.Rupe@lewisbrisbois.com |
| Telephone: (415) 782-3660 | Anthony Oceguera (Bar #259117) |
| Facsimile: (415) 788-1028 | Anthony.Oceguera@lewisbrisbois.com |
| | LEWIS BRISBOIS BISGAARD & SMITH LLP |
| | 2020 W. El Camino Ave, Ste. 700 |
| | Sacramento, CA 95833 |
| | Telephone: (916) 564-5400 |
| | Facsimile: (916) 564-5444 |

*What are the Settlement terms?*

Subject to final Court approval, Horizon Freight System, Inc. will pay $3,000,000.00 (the "Maximum Settlement Amount") for: (a) Individual Settlement Payments to Settlement Class Members; (b) the Court-approved Class Representative Service Payment to Plaintiff; (c) the Court-approved attorneys' fees and costs to Class Counsel; and (d) payment to the Settlement Administrator for settlement administration services.

**Individual Settlement Payments.** After deduction from the Maximum Settlement Amount for attorneys' fees and costs, the Class Representative Service Payment to Plaintiff, and settlement administration costs, there will be a Net Settlement Amount. From this Net Settlement Amount, Defendant will make an Individual Settlement Payment to each Class Member who does not request to be excluded from the Settlement ("Participating Class Members").

The Net Settlement Amount shall be divided among all Participating Class Members on a pro rata basis, based upon the total number of weeks each respective Participating Class Member was contracted with Horizon Freight System, Inc. during the Class Period. **REMINDER**: If you believe your estimated Individual Settlement Amount is incorrect because the number of total weeks you were contracted with Horizon Freight System, Inc. within the Class Period is wrong, the deadline to dispute the weeks reported for you is <<**RESPONSE DATE**>>.

For tax reporting purposes, the Individual Settlement Payments shall be classified as nonemployee compensation and reported on IRS Form 1099-NEC.

All checks for Individual Settlement Amounts paid to Settlement Class Members shall advise that the checks will remain valid and negotiable for one hundred and eighty (180) days from the date of the checks' issuance and shall thereafter automatically be void if not cashed by a Participating Class Member within that time. Any Individual Settlement Amount that is not cashed by a Participating Class Member within one hundred and eighty (180) days of issuance shall be transmitted to the California State Controller's Office for deposit into the California Unclaimed Property Fund in the name of the Participating Class Member. In such event, the Participating Class Member shall nevertheless remain bound by the Settlement.

None of the Parties or attorneys make any representations concerning the tax consequences of this Settlement or your participation in it. Participating Class Members should consult with their own tax advisors concerning the tax consequences of the Settlement. Class Counsel is unable to offer advice concerning the state or federal tax consequences of payments to any Class Member.

**Class Counsel Attorneys' Fees and Costs, Class Representative Service Award, Settlement Administration Costs and Payment to the LWDA.** Class Counsel will ask the Court to award attorneys' fees of up to $990,000.00 (one third) of the Gross Settlement Amount and reimbursement of reasonable costs incurred in the Action not to exceed $300,000.00. In addition, Class Counsel will ask the Court to authorize a Class Representative Service Payment of up to $15,000.00 for efforts in bringing the case on behalf of the Class. The Parties estimate the cost of administering the Settlement will not exceed $9,000.

*What claims are being released by the proposed Settlement?*

Upon the final approval by the Court of this Settlement, and except as to such rights or claims as may be created by this Settlement, the Class Representatives, the Class and each Class Member who has not submitted a valid and timely request for exclusion, will release claims as follows:

1) **Identity of Released Parties**. Defendant, each of its respective parent companies, subsidiaries, affiliates, current and former management companies, shareholders, members, agents (including without limitation, any investment bankers, accountants, insurers, reinsurers, attorneys and any past, present, or future officers, directors, and employees) predecessors, successors, and assigns. (collectively "Horizon Releasees").

2) **Claims Released by Class Members**. All claims, demands, rights, liabilities and causes of action against the Released Parties (as defined above) for any type of relief and penalties, that (1) accrued at any time during February 22, 2015 to the date of the Court's preliminary approval of this Agreement for the Settlement Class, and that (2) were or could have been alleged based on the facts and allegations made in Plaintiff's operative First Amended Class Action Complaint, including but not limited to misclassification of Plaintiff and class members, failure to provide meal breaks or provide compensation for missed meal breaks, failure to authorize and permit rest breaks or provide compensation for missed rest breaks, failure to pay unpaid wages, failure to reimburse Plaintiff and class members for work-related expenses, failure to provide accurate wage statements, failure maintain accurate payroll records showing hours worked daily and wages earned, failure to pay Plaintiff and class members all wages when due, failure to pay Plaintiff and class members all wages due at the time of termination, taking deductions from compensation, unfair business practices, violation of the Labor Code and Industrial Welfare Commission Wage Orders and for PAGA penalties and other associated penalties. The release does not extend to any claims that were not or could not have been alleged in the operative First Amended Class Action Complaint based on the facts and allegations made therein and specifically excludes claims for workers' compensation, personal injuries, unemployment insurance, state disability compensation, claims under the Employment Retirement Income Security Act of 1974, previously vested benefits under any employer sponsored benefits plan, wrongful termination, discrimination, retaliation, and harassment including but not limited to those arising under the Age Discrimination In Employment Act, the California Fair Employment and Housing Act, Title VII of the Federal Civil Rights Act of 1964, and/or Federal Civil Rights Act of 1991, or any similar state or federal laws, the California Family Rights Act, the Federal Family Medical Leave Act, the California Pregnancy Leave Law, or similar state or federal laws, the Federal Equal Pay Act of 1963, violations of the Americans with Disabilities Act of 1990 or violations of any other state or federal law, rule or regulation concerning discrimination, retaliation and/or harassment.

*What are my options in this matter?*

You have two options under this Settlement, each of which is further discussed below. You may: (A) remain in the Class and receive an Individual Settlement Amount; or (B) exclude yourself from the Settlement. If you choose option (A), you may also object to the Settlement, as explained below.

If you remain in the Class, you will be represented at no cost by Class Counsel. Class Counsel, however, will not represent you for purposes of making objections to the Settlement. If you do not exclude yourself from the Settlement, you will be subject to any Judgment that will be entered in the Action, including the release of the Released Claims as described above.

**OPTION A.  Remain in the Class.** If you wish to remain in the Class and be eligible to receive an Individual Settlement Payment under the Settlement, **you do not need to take any action**. By remaining in the Class and receiving settlement monies, you consent to the release of the Released Claims as described above.

**Objecting to the Settlement**: If you believe the proposed Settlement is not fair, reasonable, or adequate in any way, you have several options that you may use to object to it or express any concerns. To object, you may appear in person at the Final Approval Hearing and state your objections to the Court, you can have an attorney object for you, or you can file an objection at any location of the United States District Court for the Northern

District of California, or submit a simple written statement of objection to the Court at the following address: United States District Court for the Northern District of California, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102-3489.  If you submit a written objection, the written objection should contain sufficient information to confirm your identity and the reason for the objection, including: (1) your full name; (2) the dates you contracted with Defendant to drive in California; (3) the case name and number of the Action; (4) the reason for the objection; (5) whether you intend to appear at the Final Approval Hearing; (6) whether you are represented by legal counsel and if so, their name and mailing address; (7) your signature; and (8) be postmarked on or before <<**RESPONSE DATE**>> and **returned to the Court** at the address listed above to ensure that it is received in time to be considered by the Court.  Failure to comply with these stated requirements may be excused for good cause. If you do not object in writing, the Court will still allow you to state any objections you may have at the Final Approval Hearing.  You **do not** have to object in writing to explain any objections you have at the Final Approval Hearing.  **Even if you object, you will be bound by the terms of the Settlement, including the release of Released Claims as set forth above, unless the Settlement is not finally approved by the Court**.

Regardless of the form, an objection, alone, will not satisfy the requirement that a Settlement Class Member must formally intervene and become a party of record in the action to appeal a Judgment entered following an Order finally approving this Settlement.

**OPTION B.  Request to Be Excluded from the Settlement and Receive No Money from the Settlement**.  If you do not want to be part of the Settlement, you must return an OPT OUT Form to the Settlement Administrator at_____.  In order to be valid, your Request for Exclusion from Settlement must be signed and postmarked on or before <<**RESPONSE DATE**>>.  If you do not submit a signed OPT OUT Form to the Settlement Administrator on time (as evidenced by the postmark) your Request will be rejected, you will be deemed a Settlement Class Member, and you will be bound by the release of Released Claims as described above and all other terms of the Settlement.  If you submit a signed OPT OUT Form by the deadline to request exclusion, you will have no further role in the Action. **You will not be entitled to any benefit, including money**, as a result of the Action and Settlement. You will not be able to complain to the Court about any aspect of the Settlement.

*What is the next step in the approval of the Settlement?*

The Court will hold a Final Approval Hearing regarding the fairness, reasonableness, and adequacy of the proposed Settlement, the plan of distribution, Class Counsel's request for attorneys' fees and costs, the Class Representative Service Payment to Plaintiff, and the settlement administration costs on <<DATE>>, 2022, at <<TIME>> in Courtroom 4 – 17th Floor of the United States District Court Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.  The Final Approval Hearing may be continued without further notice to Class Members.  You are not required to attend the Final Approval Hearing to receive an individual Settlement Payment.

If the Court grants Final Approval of the Settlement, the Order granting Final Approval and entering a Judgment will be posted on a website created by the Settlement Administrator for this case for a period of at least 90 days following the entry of that Order in the Court record.  That website is:  <<website>>.

*How can I get additional information?*

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at www._____.com, by contacting class counsel at 415-782-3660, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT CONTACT THE COURT FOR INFORMATION REGARDING THIS SETTLEMENT.**