# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN NASH, and all others similarly situated,<br><br>　　　　　Plaintiff,<br>v.<br><br>HORIZON FREIGHT SYSTEM, INC.; and DOES 1 through 50,<br><br>　　　　　Defendants. | Case No. 3:19-CV-01883-VC<br><br>~~(PROPOSED)~~ **ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER:**<br><br>a) **GRANTING FINAL APPROVAL OF CLASS SETTLEMENT;**<br><br>b) **APPROVING REQUEST FOR CLAIMS ADMINISTRATOR FEE;**<br><br>c) **APPROVING REQUEST FOR ATTORNEYS' FEES AND COSTS; AND,**<br><br>d) **APPROVING REQUEST FOR INCENTIVE PAYMENT TO CLASS REPRESENTATIVE MARVIN NASH**<br><br>**DATE:**　**April 14, 2022**<br>**TIME:**　**10:00 a.m.**<br>**CRTM:**　**4- 17th Floor** |

# ORDER

On April 14, 2022, a hearing was held on Plaintiff Marvin Nash's application for final approval of the parties' proposed settlement; approval of Settlement Administrator fee; approval of attorneys' fees and costs; and, approval of a request for a service award to Plaintiff Marvin Nash. Robin G. Workman of Workman Law Firm, PC, appeared for Plaintiff Marvin Nash ("Plaintiff") and Anthony Oceguera of Lewis Brisbois Bisgaard & Smith LLP appeared for Defendant Horizon Freight System, Inc. ("Defendant").

The Court having read and considered the papers on the motion, the arguments of counsel, and the law, and good cause appearing therefore, the motion is hereby granted and **IT IS HEREBY ORDERED:**

The Court grants final approval of the terms of the Class Action Settlement Agreement ("Settlement Agreement") and agreed upon procedures as set forth in the Settlement Agreement filed with the Motion for Preliminary Approval.

Pursuant to the Order Granting Preliminary Approval of Class Settlement; Approving the Form and Manner of Notice To Provide the Class and Directing That a Neutral Third Party Give Such Notice to the Class; Approving ILYM Group, Inc. as Settlement Administrator; and Setting Hearing for Final Approval of the Proposed Settlement and Award of Attorneys' Fees and Costs to Class Counsel and Enhancements to Class Representative, a Notice of Class Action Settlement ("Class Notice") was mailed to 137 members of the Class by first-class U.S. Mail on February 2, 2022. Class Members had until March 19, 2022, a reasonable period of time, to either opt out of or object to the Settlement. No Class Members submitted objections to the Court or the Settlement Administrator and only one Class Member submitted a request for exclusion from the Settlement. Therefore, there is 99.27% participation in the Settlement from 137 Class Members.

The Court finds that the Class Notice, its distribution to Class Members, and the distribution of Settlement Fund Payments have been implemented pursuant to the Settlement Agreement and this Court's Preliminary Approval Order and that Class Notice was the best

notice practicable under the circumstances, satisfying the requirements of due process and all other applicable laws.

The Court finds that the Settlement Agreement was fair, reasonable, and adequate in all respects.  The Court finds the Settlement Agreement was reached following meaningful discovery and investigation conducted by Class Counsel, and the Settlement Agreement is a result of adversarial, arm's-length negotiation between the parties.  The Court considered evidence presented regarding the strength of the Plaintiff's case, the risk, expense and complexity of the claims presented, the likely duration of further litigation, the amount offered in settlement, the extent of investigation and discovery completed, and the experience and views of counsel.  The Court further considered that there were no objections and only one request for exclusion to the proposed settlement by Class.

That the Settlement Agreement shall apply to the Class previously certified by the Court on December 23, 2020.  The Class consists of any and all persons who contracted with and drove for Defendant within the State of California at any time from February 22, 2015 to January 13, 2022.

The Court awards Class Counsel attorneys' fees in the amount of $990,000.  The Court finds that the fee award is reasonable and appropriate.  In evaluating the reasonableness of Class Counsel's lodestar and hourly rate, the Court considered a variety of factors, including:  the experience, background, and reputation of Class Counsel; the prevailing hourly rates in the community for similar services charged by attorneys of similar skill and experience; the time, effort, and skill of counsel both in terms of what occurred during the litigation and what was reasonably required; the efficiency of Class Counsel in performing the work; the amount at stake in the litigation; the desirability or undesirability of the case; and the character and quality of the documentation offered in support of the application of fees.  Total hours claimed by Class Counsel are approved based on evidence presented of the work performed and the results achieved.  The Court considered the difficult factual and legal questions arising from the class

claims presented, the contingent risk assumed by Class Counsel, the preclusion of Class Counsel from other employment, and the favorable results achieved for Class Members.

The Court awards Class Counsel costs in an amount not to exceed $300,000. These costs were reasonable and necessary based on the evidence presented and in light of the results achieved.

The Court awards Plaintiff Marvin Nash an incentive award in the amount of $15,000 based on evidence presented of time and effort spent by Plaintiff working on this case and otherwise assisting Class Counsel in this matter.

The Court approves payment in the amount of $9,000 to IYLM Group, Inc. for services rendered by it as Settlement Administrator. The Court finds this amount to be fair and reasonable compensation based on the evidence presented of the time and effort spent by IYLM Group, Inc. in administering the claims.

Not later than 30 calendar days after the entry of this Order, Defendant shall transmit the Maximum Settlement Amount to the Settlement Administrator. No later than 45 calendar days after the entry of this Order and 15 calendar days after the payment of the Maximum Settlement Amount to the Settlement Administrator, Defendant, through the Settlement Administrator, and according to the terms, conditions and procedures set forth in the Settlement Agreement, shall pay to each Participating Class Member their Individual Settlement Amount from the Settlement Fund. Any Settlement Fund Payments that remain uncashed after 180 days of disbursement shall be void, and the Settlement Administrator shall pay the funds represented by such un-redeemed checks to the California State Controller's Office for deposit into the California Unclaimed Property Fund. In that event, the Class Member nonetheless shall be bound by the terms of this Agreement.

With respect to the distribution of Settlement Funds pursuant to the Settlement Agreement, within 21 days of distribution (but before distribution to the California Unclaimed Property Fund), Class Counsel is required to file a Post-Distribution Accounting, as described in the Northern District's Procedural Guidance for Class Action Settlements. The Court will hold

10% of the attorneys' fees granted until after the Post-Distribution Accounting has been filed. The Post-Distribution will include: when Settlement Funds Payments were made to Class Members, the number of members who were sent Settlement Fund Payments, the total amount of Settlement Fund Payments paid to Class Members, the average and median recovery per Class Member, the largest and smallest Settlement Fund Payment paid to Class Members, the number and value of cashed and uncashed checks, descriptions of concerns or problems that arose since final approval, and how those concerns or problems were resolved.

Without affecting the finality of this Order in any respect, the Court retains jurisdiction over this action, the Class Representative, Settlement Class, and Defendant for the purposes of: (a) the implementation and enforcement of the Settlement Agreement until each and every act agreed to be performed by the parties to the Settlement Agreement shall have been performed; (b) any other action necessary to conclude this settlement and to implement the Settlement Agreement; and (c) the construction and interpretation of the Settlement Agreement.

The request for judicial notice is denied. The Court may consider previously filed materials in the same case.

**IT IS SO ORDERED.**

DATE:  __April 19, 2022_____          _____
                                                                            Hon. Vince Chhabria
                                                                            United States District Court Judge